# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

| | |
|---|---|
| HENRY E. ARMSTRONG | CIVIL ACTION NO. 3:13-cv-2877 |
|     LA. DOC #313045 | |
| VS. | SECTION P |
| | JUDGE ROBERT G. JAMES |
| WARDEN TIM KEITH | MAGISTRATE JUDGE KAREN L. HAYES |

### REPORT AND RECOMMENDATION

*Pro se* petitioner Henry E. Armstrong, a prisoner in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of *habeas corpus* on October 17, 2013. Petitioner attacks his 2009 conviction for simple robbery and the 7 year hard labor sentence imposed by the Fourth Judicial District Court, Ouachita Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.  For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

#### *Statement of the Case*

Petitioner was found guilty as charged of simple robbery on October 28, 2009; thereafter he was sentenced to serve seven years at hard labor. [Doc. 1, ¶3] He appealed arguing excessiveness of sentence. On September 22, 2010, the Second Circuit Court of Appeals affirmed his conviction and sentence. *State of Louisiana v. Henry E. Armstrong, Jr.*, 45,602 (La. App. 9/22/2010), 47 So.3d 1075.  Petitioner did not seek further direct review in the Louisiana Supreme Court. [See Doc. 1, ¶6]

On October 7, 2010,he filed a *pro se* petition for writ of *habeas corpus* in this Court raising the following claims: (1) the trial court erred when it ordered the jury to continue deliberations until it reached a verdict; (2) absence of a material witness; (3) excessiveness of sentence; (4) two claims of  insufficiency of the evidence; and (5) ineffective assistance of counsel. On November 30, 2010,the undersigned recommended dismissal of the petition without prejudice based upon petitioner's failure to exhaust available State court remedies. On January 14, 2011, United States District Judge Robert G. James adopted the Report and Recommendation and ordered dismissal of the petition without prejudice for failing to exhaust State court remedies and for violating Local Rule 41.3 which requires *pro se* litigants to keep the Court apprised of their whereabouts.  *Henry Armstrong v. Warden*, 3:10-cv-1601, Docs. 1 (petition), 5 (Report and Recommendation), and 7-8 (Judgment and Ruling).

On December 9, 2011, petitioner filed an application for post-conviction relief in the Fourth Judicial District Court raising three claims for relief – (1) excessive sentence; (2) insufficiency of the evidence and obstruction of justice; and (3) abuse of discretion of the trial court. [Doc. 7-1, Exhibit A, pp. 1-8] His application was denied by the trial court on some unspecified date.[1] His application for writs, which was received on March 22, 2012, and filed on April 4, 2012, was denied by the Second Circuit Court of Appeals on April 18, 2012.  *State of Louisiana v. Henry Ellis Armstrong, Jr.*, No. 47,466-KH. [Doc. 1-2, p. 3] He did not seek further

---

[1] Petitioner initially claimed that his  first application for post-conviction relief raised "8 separate claims including ineffective counsel" and, that it was denied on November 22, 2011. [Doc. 1, ¶7] However, the copy of the application filed thereafter by petitioner indicates that petitioner argued only three claims for relief and did not raise a claim of ineffective assistance of counsel. Further, that petition was signed on December 9, 2011, and therefore petitioner's claim that the petition was denied on November 22, 2011, is clearly incorrect.

review in the Supreme Court.  [Doc. 1, ¶7]

On some unspecified date, presumably sometime in July 2012, he filed a second application for post-conviction relief in the Fourth Judicial District Court.  He argued two claims of ineffective assistance of counsel – (1) ineffective assistance of counsel resulting in the rejection of a 5 year plea agreement; and (2) ineffective assistance of counsel for failing to investigate and raise the defense of insanity based on petitioner's substance abuse. [Doc. 1-2, pp. 18-22; Doc. 7-1, Exhibit B, pp. 9-10, Exhibit C, pp. 11-13] On December 13, 2012 the trial court denied relief citing La. C.Cr.P. art. 930.4 and finding that the application was successive either for failing to raise a new or different claim or for raising a claim that was inexcusably omitted from the prior application. Alternatively, the Court noted that petitioner was unable to establish deficient performance with regard to his two claims of ineffective assistance of counsel. [Doc. 1-2, pp. 14-17] On January 7, 2013, petitioner filed a motion to reconsider and that motion was denied on January 8, 2013. [Doc. 1-2, pp. 11-12]

On January 21, 2013, petitioner filed a writ application in the Second Circuit Court of Appeals.  Petitioner raised a new claim – that he was incompetent at the time of trial and was denied a sanity determination. He again raised his claim of ineffective assistance of counsel based upon counsel's advice to reject the 5 year plea offer. [Doc. 1-2, pp. 5-10; Doc. 7-1, Exhibit D, pp. 14-18 ] On March 8, 2013 his writ application was denied. *State of Louisiana v. Henry E. Armstrong*, No. 48,208-KH at Doc. 1-2, p. 1; Doc. 7-1, Exhibit F, p. 20] On March 21, 2013, he filed a writ application in the Louisiana Supreme Court and on September 20,2013, his writ application was denied. *State of Louisiana ex rel. Henry E. Armstrong v. State of Louisiana*, 2013-0664 (La. 9/20/2013), 123 So.3d 166. [Doc. 1-2, p. 4; Doc. 7-1, Exhibits G and H, pp. 21-

22]

His petition dated October 11, 2013, was mailed on October 15 and received and filed on October 17, 2013. He argues the following claims for relief: (1) the state court deprived him of any opportunity to develop of the facts of his claims; (2) ineffective assistance of counsel in rejecting a 5 year plea offer; and (3) petitioner was incompetent to proceed to trial. Petitioner did not provide a memorandum with his original petition. He was ordered to do so and on December 23, 2013 he provided a memorandum in which he argued only two claims for relief –  (1) counsel was ineffective during the plea bargain stage resulting in the rejection of a five year sentence leading to a trial and a seven year sentence; and (2) counsel was ineffective for refusing to investigate and develop my only plausible defense of insanity despite my specific instructions to do so. [Doc. 6]

### Law and Analysis

### 1. Limitations – 28 U.S.C. §2244(d)(1)(A)

Title 28 U.S.C. §2244(d)(1)(A) (as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 or AEDPA) provides a 1-year statute of limitations for the filing of applications for *habeas corpus* by persons, such as petitioner, who are  in custody pursuant to the judgment of a State court.  This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[2]

---

[2] It does not appear that any State created impediments prevented the timely filing of this petition; furthermore it does not appear that the factual predicate of the claims presented was only recently discovered. [See 28 U.S.C. § 2244(d)(1)(B) and (D)].  To the extent petitioner relies upon reckoning of limitations as provided in §2244(d)(1)(C) ("the date on which the constitutional right asserted was initially recognized by the Supreme Court... and made

The statutory tolling provision of 28 U.S.C. § 2244(d)(2)  provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period.  *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2).  However, any lapse of time <u>before</u> the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period  [see *Villegas v. Johnson,* 184 F.3d 467, 472 (5th Cir. 1999), citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir.1998)] and, of course, the limitations period is tolled only for as long as the state application remains pending in the state's courts.  *Johnson v. Quarterman*, 483 F.3d 278 (5th Cir. 2007).  Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner appealed to the Second Circuit Court of Appeals. On September 22, 2010, his conviction and sentence were affirmed. *State of Louisiana v. Henry E. Armstrong, Jr.*, 45,602 (La. App. 9/22/2010), 47 So.3d 1075.  Pursuant to Supreme Court Rule X, §5(a), petitioner had 30 days following the Second Circuit's mailing of notice of judgment within which to petition the Supreme Court for further direct review, or, until on or about October 21, 2010.[3]  However, petitioner did not seek further direct review in the Supreme Court. [See Doc. 1, ¶6]. Therefore, petitioner's judgment of conviction "... became final by ... expiration of the time for seeking [further direct]  review..." under 28 U.S.C. §2244(d)(1)(A) when the 30-day period for seeking further direct review pursuant to Louisiana Supreme Court Rule X, §5(a) expired on October 21,

retroactively applicable to cases on collateral review") that claim is addressed in Part 2, below.

[3] Louisiana Supreme Court Rule X, §5(a) provides: "An application seeking to review a judgment of the court of appeal ... shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal..."

2010.  *See Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008) ("Louisiana Supreme Court Rule X, § 5(a) states that an application 'to review a judgment of the court of appeal either after an appeal to that court ... or after a denial of an application, shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal.' [The] time for seeking further review of his state conviction expired when he did not within thirty days of the Louisiana Court of Appeal's ...  decision, challenge that decision in the state Supreme Court.")  Thereafter, since petitioner's judgment of conviction became final under the AEDPA on October 21, 2010, petitioner  had 1-year, or until October 21, 2011, to file his federal *habeas corpus* petition.

He cannot rely upon the pendency of his first federal *habeas* petition to toll limitations because only "a properly filed application for State post-conviction or other collateral review" may serve such purpose. *See* 28 U.S.C. §2244(d)(2); *Duncan v. Walker*, 533 U.S. 167, 172, 121 S.Ct. 2120, 2124, 150 L.Ed.2d 251 (2001) (An application for federal *habeas corpus* review is not an "application for State post-conviction or other collateral review," within meaning of tolling provision of the AEDPA; thus, time for filing federal *habeas* petition is not tolled during pendency of a petitioner's first federal *habeas* petition.)

Nor can he rely upon the pendency of his first application for post-conviction relief. That application was not filed until December 9, 2011; by the time he filed that application, the one-year period of limitation established by the AEDPA had already expired, and, as noted above, any lapse of time before the proper filing of an application for post-conviction relief in state court must be counted against the one-year limitation period. *Villegas v. Johnson,* 184 F.3d 467, 472 (5th Cir. 1999), citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir.1998).  In short, the available evidence establishes that petitioner's federal *habeas* petition is time-barred by the

6

provisions of 28 U.S.C. §2244(d)(1)(A).

**2. Statutory Tolling pursuant to 28 U.S.C. §2244(d)(1)(C)**

Petitioner implies that he is entitled to reckon the 1-year period of limitations from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review..." *See* 28 U.S.C. §2244(d)(1)(C).  In making this argument he relies upon the Supreme Court's March 21, 2012 decision in *Lafler v. Cooper*, ⎯⎯ U.S. ⎯⎯, 132 S.Ct. 1376, 1387, 182 L.Ed.2d 398 (2012) wherein the Court held, "If a plea bargain has been offered, a defendant has the right to effective assistance of counsel in considering whether to accept it. If that right is denied, prejudice can be shown if loss of the plea opportunity led to a trial resulting in a conviction on more serious charges or the imposition of a more severe sentence."

However, the Fifth Circuit has already determined, albeit in a different context, that *Lafler* did not announce a new rule of constitutional law because it merely applied the Sixth Amendment's right to counsel to a specific context. *See In re: King*, 697 F.3d 1189 (5th Cir. 2012) (per curiam). Other courts have agreed with that assessment.  *See United States v. Lawton,* 506 Fed. Appx. 722 (10th Cir. 2012), citing *King*, *supra*, as well as *Hare v. United States*, 688 F.3d 878–80 (7th Cir.2012); *Buenrostro v. United States*, 697 F.3d 1137, 1140 (9th Cir.2012); *In re: Arras*, No. 12–2195, 2012 WL 7656637 (10th Cir. Dec. 11, 2012) (denying authorization to file a second or successive § 2255 motion because *Lafler* did not establish a new rule of constitutional law); *In re: Perez*, 682 F.3d 930, 932–34 (11th Cir.2012); see also *United States v. King*, — F.Supp.2d —, 2013 WL 6405423 (D.D.C. 2013) ("Because the holding in *Lafler* was

dictated by Supreme Court precedent, it is not a new right...")

Further, even if *Lafler* were said to have announced a new right, petitioner has not, nor can he, point to any cases that hold that it may be applied retroactively. In short, petitioner may not rely upon the provisions of Section 2244(d)(1)(C) to reckon the AEDPA limitations period in his case.

### 3. Equitable Tolling

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quotation marks omitted). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir.2006).  As recently noted by the Supreme Court, "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336,  127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

In the Memorandum Order of December 2, 2013, petitioner was directed to "submit argument and evidence to establish that he is entitled to statutory or equitable tolling of the period of limitations." [Doc. 5] However, nothing of record supports equitable tolling of the statute of limitations in the instant case.  It does not appear from the evidence thus far submitted

that petitioner was either actively misled by the state or otherwise prevented in some

extraordinary way from asserting his rights by timely filing his *habeas* claims.

### 4. Conclusion and Recommendation

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITH**

**PREJUDICE**  because petitioner's claims are barred by the one-year limitation period codified

at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved

by this recommendation have fourteen (14) days from service of this report and recommendation

to file specific, written objections with the Clerk of Court.  A party may respond to another

party's objections within fourteen (14) days after being served with a copy of any objections or

response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the**

**proposed legal conclusions reflected in this Report and Recommendation within fourteen**

**(14) days following the date of its service, or within the time frame authorized by**

**Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or**

**the legal conclusions accepted by the District Court, except upon grounds of plain error.**

**See, Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir.  1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States

District Courts, this court must issue or deny a certificate of appealability when it enters a final

order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of

appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days**

from service of this Report and Recommendation, the parties  may file a memorandum

setting forth arguments on whether a certificate of appealability should issue.  See 28

U.S.C. §2253(c)(2).  **A courtesy copy of the memorandum shall be provided to the District**

**Judge at the time of filing.**

In Chambers, Monroe, Louisiana, January 3, 2014.


KAREN L. HAYES
U. S. MAGISTRATE JUDGE